DREW, E. HARRIS (Ret.), Associate Judge.
Robert Armstrong entered into a written lease for certain lands with the buildings *899 and improvements for a period of fifteen years at an annual rental of $13,800, payable $1,150 per month plus certain percentages of gross sales according to a formulae fixed in the lease with Service Development Corporation. Attached to the lease was a “Guarantee of Lease” signed by the six individual stockholders of the lessee. The full text of the guarantee,[1] omitting the names and witnesses, appears in the footnote. The lease and guarantee were dated February 10, 1969.
In December, 1971, Robert Armstrong sold the property and assigned the lease containing the guarantee and all past due and future rentals to Gilda Rizzi, plaintiff below — appellant here. At the time of Riz-zi’s purchase, rents, taxes and other obligations under the lease were past due. Rizzi brought this action against the lessee corporation and the six stockholder guarantors to recover past due rent and the other obligations alleging that the lessee had abandoned the property, failed to pay rents and other charges, and that Rizzi had re-rented the premises for $800 per month, which was set off against amount due.
As affirmative defenses the guarantors alleged that the assignment of the lease ineffective as an assignment of the guarantee, estoppel by failure to rent promptly after abandonment, failure to mitigate damages and other defenses not pertinent here.
After trial before the court a judgment was entered for the guarantors. The trial court, in its judgment, held:
“The guarantee of lease which is the subject matter of this suit was never assigned by reference, nor did the guarantors consent to an assignment or receive notice thereof. The guarantee was a special, rather than general and could not be assigned without the consent of the guarantors. In addition, the lease was materially altered without the knowledge of the guarantors. Under the above and other circumstances shown by the evidence, Plaintiff is not entitled to prevail.”
The assignment of the lease to Rizzi, attached to the original lease and guarantee recited:
“FOR VALUE RECEIVED, we hereby assign to GILDA RIZZI, all of our right, title and interest in this lease, together with all past, present and future rents due under the terms of said lease.”
The guarantee was for the benefit of the lessor Armstrong, “his heirs and assigns.” (Emphasis supplied.) The guarantee was a part of the original lease and obviously one of the considerations for it. It was not a “special” guaranty as held by the trial court but a general guaranty. It ran to the lessor and his assigns and therefore to any person to whom the principal obligations and the guaranty may be transferred.[2]
The transfer of the lease to Rizzi as purchaser of the property and all past, present and future rents was transfer of the original obligation and operated as an assignment of the guaranty.[3]
Guarantors argue, among other points, none of which we find to be of merit, that there was a material alteration of the terms of the lease when Rizzi changed the rental for the premises from $1,150 to $800 per month and that such *900 material alteration operated as a release of all the guarantors from liability. The rent reduction was made by the lessor in order to rent the premises and thereby to mitigate the damages to the guarantors. The change was not a material one as that word is used in the cases and texts. To be material in the context used, a change must operate to the detriment of the guarantors.[4] While the point is not raised here — and we express no views concerning its applicability to the situation here — we do observe that the concluding paragraph of the guarantee provided that the guaranty was a continuing one and that liability under it would in no way be affected or diminished by any extension of time or sub-lease granted by the lessee.
Reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ALDERMAN, C. J., and STETTIN, HERBERT, Associate Judge, concur.

.“In consideration of the letting of the premises hereinbefore described, and of the sum of Ten Dollars ($10.00) and other good and valuable considerations, we hereby become guarantors for the punctual payment of the rent, and performance of the covenants in the herein written Agreement mentioned, to be made and performed by SERVICE DEVELOPMENT CORPORATION, the within-named Lessee; and if any default shall be made therein, we do hereby promise and agree to pay unto the within-named Lessor, his heirs or assigns, such sums of money as will be sufficient to make up such deficiency, and fully satisfy the conditions of the said Agreement, without requiring any notice of nonpayment, or proofs of demand being made.
“This guaranty shall be a continuing guaranty, and the liability thereunder shall in no way be affected or diminished by reason of any extension of time or sub-lease that may be granted by the Lessor to Lessee.”

. 38 Am.Jur.2d Guaranty §§ 20, 21 (1968).

. 38 Am.Jur.2d Guaranty § 36 (1968).

. 38 Am.Jur.2d Guaranty § 81 (1968); See, Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174 (Fla. 4th DCA 1970); Hollywood Shopping Plaza, Inc. v. Schuyler, 179 So.2d 573 (Fla. 2d DCA 1965).