ON MOTION FOR REHEARING OR CLARIFICATION

DAMOORGIAN, J.
We grant Appellee’s, Deutsche Bank National Trust Company (“Deutsche Bank”), motion for rehearing or clarification, withdraw our previously issued opinion and substitute the following in its place.
Harvey Good and Monica Cornejo appeal a summary final judgment of foreclosure rendered against them. On appeal, Appellants argue that the trial court erred by entering final summary judgment because Deutsche Bank failed to negate their affirmative defenses. We find no error and write only to address whether Appellants can assert the affirmative defense of recoupment for violation of the Federal Real Estate Settlement Procedures Act (“RESPA”)[1] against Deutsche Bank, which was not the originator of the loan or a loan servicer. We conclude that Appellants have no such RESPA claim because RESPA imposes no liability on a holder of a note merely by virtue of being a successor to the person or entity who allegedly engaged in a prohibited act under RE SPA. Accordingly, we affirm the judgment.
Deutsche Bank filed its mortgage foreclosure complaint against Appellants. Appellants filed an answer and three affirmative defenses: (i) recoupment for violation of RESPA; (ii) unclean hands based on the RESPA violation; and (iii) violation of Florida’s Deceptive and Unfair Trade Practices Act (“FDUTPA”).[2] Appellants sought to dismiss the mortgage foreclosure complaint, or in the alternative, reduce the amount that they owed by the amount of damages available under RESPA.
Deutsche Bank filed a motion for summary judgment with a supporting affidavit. The affidavit controverted Appellants’ RESPA affirmative defense by asserting that the RESPA statutes cited by Appellants regulated servicers of loans, and Deutsche Bank was not the servicer. In response, Appellants filed the affidavit of Appellant Harvey Good, stating that Option One paid a yield spread premium to Guardian Financial Network in the amount of $8,400 even though they paid Guardian a broker’s fee of $5,600. Thus, Good’s affidavit admitted that Deutsche Bank was not the party who had committed the alleged RESPA violations.
On appeal, Deutsche Bank argues that a RESPA violation claim cannot be asserted against it as a successor to the original lender, Option One Mortgage Corporation, or Appellants’ mortgage broker, Guardian Financial Network. We agree. A plain reading of section 2607(d)(2) provides no basis for successor liability. See 12 U.S.C § 2607(d)(2) (2006). In fact, the RESPA prohibitions apply only to the actual persons or entities who engage in such activities. Id. We find support in our interpretation of RESPA in the Truth in Lending Act (“TILA”), which expressly allows for successor liability. 15 U.S.C. § 1641 (2011). We assume that if Congress wanted to create successor liability via RESPA, it would have included an express provision as it did in TILA. For this reason, Appellants have no claim against Deutsche Bank for any RESPA violations allegedly perpetrated by Option One or Guardian.

Affirmed.

WARNER and POLEN, JJ., concur.

. 12 U.S.C. §§ 2601-2617 (2006).

. §§ 501.201-.213, Fla. Stat. (2007).