WARNER, J.
We affirm the final summary judgment of foreclosure. Appellants claim that ap-pellee failed to show that it had standing at the inception of the foreclosure action, because: (1) the assignment of mortgage to appellee was not recorded in the public records until after the commencement of the suit; and (2) the record shows that appellee did not acquire the note and mortgage until after commencement. Neither argument has merit.
First, the failure to record an assignment does not render it invalid but simply affects the rights/priority of the assignee mortgagees against other assignees. See generally § 701.02, Fla. Stat. (2013); JP Morgan Chase v. New Millennial, LC, 6 So.3d 681, 684-86 (Fla. 2d DCA 2009).
Second, as to standing, appellee acquired the note and mortgage from the prior holder, Amtrust Bank, which was the original plaintiff in this foreclosure action. Amtrust moved to substitute appellee as the plaintiff pursuant to Florida Rule of Civil Procedure 1.260. Under this rule, the substituted transferee (appellee) acquires the standing of the transferor original plaintiff (Amtrust). Amtrust had standing when the complaint was filed, in that the note attached to the complaint contained an allonge, dated before the fill *606 ing of the lawsuit, assigning the note to Ohio Savings Bank. In support of the motion for summary judgment, appellee filed a certificate showing that Ohio Savings Bank had changed its name to Am-trust. Therefore, the note, together with the other filings, showed that Amtrust had standing to foreclose when it filed the complaint. See McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 172 (Fla. 4th DCA 2012).
The remaining arguments appellants make for reversal are not preserved, as they were not raised in the trial court. To the extent that appellants’ expert touched on alleged violations of the federal Real Estate Settlement Procedures Act (“RESPA”), even if preserved, the claim would not be meritorious, as such violations cannot be asserted against an assign-ee of the original lender. Good v. Deutsche Bank Nat’l Trust Co., 98 So.3d 1255,1256 (Fla. 4th DCA 2012).

Affirmed.

MAY and levine, JJ., concur.