DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGORY SANDEFUR,**
Appellant,

v.

**RVS CAPITAL, LLC**, a Florida limited liability company, **RIO VISTA SALOON, LLC**, a Florida limited liability company, and **DAVID ZWICK,**
Appellees.

No. 4D14-543

[January 27, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE 13-006339 (14).

Peter Ticktin and Ejola Cook of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Paul O. Lopez of Tripp, Scott, P.A., Fort Lauderdale, for appellee RVS Capital, LLC.

SHEPHERD, CAROLINE, Associate Judge.

This case involves the practical effect of a last minute substitution which brought in a new party-plaintiff on the same day as the hearing on the predecessor-plaintiff's motion for summary judgment. The defendant does not appeal the order granting the motion for substitution. Rather, the defendant argues that the substituted plaintiff did not prove it had standing at the time judgment was entered because the assignment from the predecessor-plaintiff was not "summary judgment evidence." We agree and reverse.

The borrower, Rio Vista Saloon, LLC, executed a note secured by a mortgage in favor of First Southern Bank. The note was personally guaranteed by the Appellant, Gregory Sandefur, and Appellee, David Zwick. When Rio Vista failed to make a required balloon payment, First Southern Bank brought a foreclosure action against Rio Vista and sued Zwick and Sandefur as guarantors.

First Southern Bank moved for summary judgment on the guarantees. Four days before the hearing, a motion for substitution of party plaintiff was filed. The motion claimed that the promissory note was indorsed and assigned to a company called "RVS Capital, LLC" and that RVS Capital should be substituted as party plaintiff in place of First Southern Bank.[1] Neither the indorsed note nor any assignments were attached to the motion for substitution.

Both the motion for summary judgment and the motion for substitution were heard on the same day. The motion for substitution was granted without objection. RVS Capital then proceeded as the moving party on the motion for summary judgment against Sandefur only.

Counsel for RVS Capital informed the court that he was in possession of the original note, the original guarantees, an allonge, and an assignment. Sandefur objected to the submission of any additional documents during the hearing, citing Florida Rule of Civil Procedure 1.510.[2] The referenced documents were not handed to the court or otherwise examined by the court, and the judge acknowledged that the assignment was not in the record.[3] The court ruled that the substitution of RVS Capital for the original plaintiff was sufficient evidence that RVS Capital had purchased the note and thus had standing. Sandefur was given four days to submit an additional affidavit in opposition to RVS Capital's motion for summary judgment. When the hearing resumed on the fourth day, the trial court found, "the note is in default. They stepped into the shoes of the bank and they're entitled to summary judgment."

---

[1] While the motion for substitution did not mention the guaranties, under Florida law, a guaranty, like a mortgage, follows the note. *Greene v. Bursey*, 733 So. 2d 1111, 1114 (Fla. 4th DCA 1999); *Rizzi v. Serv. Dev. Corp.*, 354 So. 2d 898 (Fla. 4th DCA 1978).

[2] "The movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court." Fla. R. Civ. P. 1.510(c).

[3] RVS Capital included a copy of the assignment in its supplemental appendix submitted to this court. Because the assignment was never submitted to the trial court and is not part of the record, its inclusion in the appendix was improper. Fla. R. App. P. 9.200(a); Fla. R. App. P. 9.220(a); *Altchiler v. State, Dep't of Prof'l Regulation, Div. of Professions, Bd. of Dentistry*, 442 So. 2d 349, 350 (Fla. 1st DCA 1983) ("That an appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court.").

On appeal, Sandefur argues that RVS Capital failed to establish its standing as holder of the note. RVS Capital maintains that under *Brandenburg v. Residential Credit Solutions, Inc.*, 137 So. 3d 604 (Fla. 4th DCA 2014), it was not required to prove its standing because the order allowing its substitution as plaintiff also operated to establish its standing.

While it is true that the plaintiff by substitution "stands in the shoes of the original plaintiff/mortgagee," *Miller v. Kondaur Capital Corp.*, 91 So. 3d 218, 219 (Fla. 4th DCA 2012), an order of substitution does not create standing. Rather, the substituted party acquires the standing (if any) of the original plaintiff at the time the case was filed. *Lewis v. J.P. Morgan Chase Bank*, 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014). The substituted plaintiff still must prove *its own standing* when judgment is entered. *Lamb v. Nationstar Mortg., LLC*, 174 So. 3d 1039, 1040 (Fla. 4th DCA 2015) ("In addition to proving standing when the complaint is filed, a bank must also establish its standing at the time final judgment is entered.").

The summary judgment evidence included an affidavit by an employee of First Southern Bank authenticating the note, mortgage, and guaranties. Each of these documents named First Southern Bank as the lender. Because the note was not indorsed, RVS Capital was a nonholder in possession. *Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA), *review dismissed*, 171 So. 3d 117 (Fla. 2015). One way a nonholder in possession may prove its right to enforce a note is through evidence of a valid assignment. *See Miller*, 91 So. 3d at 219. At bar, however, the assignment upon which RVS Capital relies for standing was not submitted as evidence in support of its motion for summary judgment.

RVS Capital argues that because the assignment was a recorded document, the trial court could properly take judicial notice of it. This argument fails for three reasons.

First, the mere fact that a document has been recorded does not make that document a proper matter for judicial notice. § 90.202, Fla. Stat. (2013); *Bull v. Jacksonville Fed. Sav. & Loan Ass'n*, 576 So. 2d 755, 756 (Fla. 1st DCA 1991) ("[P]ublically recorded documents such as deeds and mortgages are not included in the list of matters which must or may be judicially noticed, set out in sections 90.201 and 90.202, Florida Statutes.").

Second, the Florida Evidence Code contains specific procedures that parties and the court must follow before a document may be judicially noticed. §§ 90.203–.204, Fla. Stat. (2013). It is undisputed that these procedures were not followed in this case.

3

Third, even if the assignment was judicially noticed, RVS Capital cannot rely on it for standing because it was not "summary judgment evidence." Summary judgment evidence must be served "at least 20 days before the time fixed for the hearing." Fla. R. Civ. P. 1.510(c); *Viola v. U.S. Bank Nat'l Ass'n*, 133 So. 3d 1018, 1019 (Fla. 4th DCA 2014). It is undisputed that the assignment was not served on Sandefur twenty days before the hearing.

This court can affirm an order granting summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits (if any), conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c); *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). We find that RVS Capital's standing is an issue of material fact which was not conclusively established by the pleadings or other summary judgment evidence.

Because RVS Capital failed to present summary judgment evidence sufficient to establish its standing on the day judgment was entered, the trial court erred in entering summary judgment.

*Reversed and remanded.*

GROSS and TAYLOR, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

4