DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUTHER EDWARD SPICER** and **CLARA JEAN MAY,**
Appellants,

v.

**OCWEN LOAN SERVICING, LLC, RIVERWALK OF THE PALM BEACHES HOMEOWNERS ASSOCIATION, INC.,** and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** as Nominee for **RESOURCE FUNDING GROUP, LLC.,**
Appellees.

No. 4D16-2335

[January 10, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502011CA000943XXXMB.

H. Daniel McKillop, of McKillop Law Firm, Sarasota, for appellants.

Anthony R. Yanez and Nicole R. Topper, of Blank Rome LLP, Fort Lauderdale, for appellee Ocwen Loan Servicing, LLC, Riverwalk of the Palm Beaches Homeowners Association, Inc.

KUNTZ, J.

The borrowers appeal the circuit court's final judgment of foreclosure in favor of the lender. They acknowledge that the original lender had standing to initiate the foreclosure action. However, they argue a party later substituted as plaintiff failed to establish that it had the right to enforce the note. We disagree. And, in doing so, we reaffirm our holdings that, pursuant to Florida Rule of Civil Procedure 1.260, a transferee substituted as plaintiff acquires the standing of the transferor original plaintiff. The acquired standing, coupled with the presentation of the original note, indorsed in blank, is sufficient to allow the substituted plaintiff to foreclose.

### Background

One West Bank filed a complaint seeking to foreclose on the borrowers' residence. One West alleged that it had been assigned the note and mortgage by the original lender, and attached a copy of the original note, indorsed in blank, to the original complaint. Later, One West filed a motion to substitute party plaintiff and sought to substitute Ocwen as the party plaintiff. The court held a hearing and, over the borrowers' objection, granted the motion to substitute the party plaintiff.

The case proceeded to trial. At the conclusion of the lender's case, the borrowers moved for an involuntary dismissal. The borrowers conceded that One West had standing when the lawsuit was filed. However, relying on *Gewye v. Ventures Trust 2013-I-H-R*, 189 So. 3d 231, 232 (Fla. 2d DCA 2016), they argued that Ocwen, the substituted plaintiff, did not establish standing because the original note had been filed with the clerk of court long before it was purportedly transferred to Ocwen.

The court denied the borrowers' motion for involuntary dismissal, distinguishing the case from *Gewye*, in part, because One West's motion to substitute Ocwen as the party plaintiff specifically referenced the Note. Since the Note was bearer paper, the court found "Ocwen proved it had possession of the endorsed in blank original note at the time of trial, by virtue of it being in the court file of the case of which it was the party plaintiff."

After the court denied the motion for involuntary dismissal, the trial continued, judgment was ultimately entered in favor of the lender, and the borrowers appeal.

### Analysis

We review the court's ruling that the substituted plaintiff had standing *de novo*. *Assil v. Aurora Loan Servs., LLC*, 171 So. 3d 226, 227 (Fla. 4th DCA 2015).

Our case law is clear that standing must be established at the time the complaint was filed, *Kenney v. HSBC Bank USA, Nat'l Ass'n*, 175 So. 3d 377, 379 (Fla. 4th DCA 2015), and "a bank must also establish its standing at the time final judgment is entered," *Lamb v. Nationstar Mortg., LLC*, 174 So. 3d 1039, 1040 (Fla 4th DCA 2015). We have explained that "[s]tanding may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Standing may

also be established through possession of the note, indorsed in blank, prior to the inception of the lawsuit. *Id.*

In this case, the borrowers agree that the original plaintiff had standing when the lawsuit was filed. However, they argue the substituted plaintiff could not have standing because the original note, indorsed in blank, was filed with the clerk of court prior to the purported transfer. They argue that we addressed this issue in *Sandefur v. RVS Capital, LLC*, where we stated:

> While it is true that the plaintiff by substitution 'stands in the shoes of the original plaintiff/mortgagee,' an order of substitution does not create standing. Rather, the substituted party acquires the standing (if any) of the original plaintiff at the time the case was filed. The substituted plaintiff still must prove its own standing when judgment is entered.

183 So. 3d 1258, 1260 (Fla. 4th DCA 2016) (emphasis and citations omitted). However, in *Sandefur* we reversed a court's summary judgment order, concluding that the note was not indorsed in blank and that the evidence upon which the substituted plaintiff relied to obtain summary judgment had not been filed in advance of the summary judgment hearing. *Id.* at 1260–61.

The portion of our decision in *Sandefur* quoted by the borrowers is a correct statement of the law. However, applying the facts in this case to the law leads to a different result. The legal proposition advanced by the borrowers would be contrary to our case law (to which we are bound) and inconsistent with the plain language of Florida Rule of Civil Procedure 1.260.

For example, in *Brandenburg v. Residential Credit Solutions, Inc.*, 137 So. 3d 604, 605 (Fla. 4th DCA 2014), the original plaintiff moved to substitute a new lender as the party plaintiff. We held that pursuant to Rule 1.260, the substituted plaintiff acquired the standing of the original plaintiff and had standing to foreclose. *Id.* Similarly, in *Lewis v. J.P. Morgan Chase Bank*, 138 So. 3d 1212, 1213 (Fla. 4th DCA 2014), the borrower argued the bank did not have standing to pursue the foreclosure action because it had acquired its standing during the pendency of the lawsuit. We distinguished the case from cases where the original plaintiff did not have standing when the case was filed, stating "the party which filed suit—the original lender—had standing to file suit at its inception because it owned the note and mortgage at the time it filed suit." *Id.* We held that no standing defect existed as it involved "a situation where the

party which filed suit had standing to file suit at its inception, and merely assigned the note and mortgage during the pendency of the suit to another party, which then was substituted properly as the plaintiff." *Id.* (citing Fla. R. Civ. P. 1.260(c)).

In another case, the original servicer filed a complaint, with a copy of the original note attached. *See Fed. Nat'l Mortg. Ass'n v. Rafaeli*, 225 So. 3d 264, 268 (Fla. 4th DCA 2017). The original plaintiff later filed the original note, indorsed in blank, with the clerk of court. Two years later, the original plaintiff moved to substitute the note owner as the party plaintiff. We held that the original servicer had standing due to its holding of the original note, indorsed in blank, at the inception of the case, and that the original servicer later conveyed that standing to the substitute plaintiff. *Id.* at 268.

These cases, and others, hold that a "substituted plaintiff can acquire standing to foreclose if the original party had standing." *Jallali v. Christiana Tr.*, 200 So. 3d 149, 152 (Fla. 4th DCA 2016) (citations omitted); *see also Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 n.4 (Fla. 1st DCA 2014) ("Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the original plaintiff.").

This conclusion is also consistent with Rule 1.260(c), which provides that an action can continue in the name of the original party with standing, or be changed to the name of the party that acquired standing after the lawsuit was commenced. Therefore, pursuant to Rule 1.260(c), Ocwen was substituted into the action for One West, thereby acquiring the standing that One West possessed at the inception of the lawsuit. Additionally, Rule 1.260(c) permits the original plaintiff to continue the action, even after the transfer of its interest, or to substitute the transferee as the party plaintiff. It would be illogical to reach a different conclusion regarding the standing of a party depending upon which alternative in Rule 1.260(c) was chosen.

We are bound by the cases discussed above, and must follow them. However, we briefly address the borrowers' contention that an opinion from the Second District compels a different result. In *Gewye v. Ventures Trust 2013-I-H-R*, 189 So. 3d 231, 232 (Fla. 2d DCA 2016), the original plaintiff filed a foreclosure complaint and later filed the original note, indorsed in blank. Later, based upon an assignment that referenced only the mortgage, the original plaintiff filed a motion to substitute party plaintiff. *Id.* In the motion, the original plaintiff only referenced a transfer of the mortgage and made no reference to a transfer of the interest in the note. *Id.* The court first stated that the original plaintiff "filed the original note indorsed in blank with the court long before [the substituted plaintiff]

was substituted as the party plaintiff. As such, [the substituted plaintiff] could not establish that it was the holder or nonholder in possession for purposes of standing." *Id.* at 233 (citing *Creadon v. U.S. Bank N.A.*, 166 So. 3d 952, 954 (Fla. 2d DCA 2015)). The court then stated that the substituted plaintiff "failed to explain how the assignment of mortgage, reflecting only the transfer of the mortgage and not the note, provided it with standing; nothing in the assignment of mortgage conferred standing on [the substituted plaintiff] to enforce the note." *Id.* (citations omitted). Based upon those conclusions, and "because no assignment of note was introduced," the court was "compelled to reverse" for failure to establish standing. *Id.*

In another recent case, *Houk v. PennyMac Corp.*, 210 So. 3d 726 (Fla. 2d DCA 2017), the Second District reversed a summary judgment order entered in favor of a substituted plaintiff. The court found our decision in *Brandenburg* to be "substantially distinguishable." *Id.* at 731. The court explained that in *Brandenburg*, the substituted plaintiff had standing due to its acquisition of the note and mortgage from the prior holder coupled with the order substituting it as party plaintiff. *Id.* at 732. However, in *Houk*, the original note, which had been specially indorsed to the original plaintiff, was lost and the substituted plaintiff failed to present any summary judgment evidence to support the fact that it had purchased the lost note, been assigned the note, or otherwise acquired the right to enforce the note. *Id.* at 731. The issue in *Houk* was ultimately resolved by noting the substituted plaintiff had failed to support its motion for summary judgment.

It is not entirely clear as to which basis the court's ultimate holding was founded upon in *Gewye* and *Houk*. However, we believe the court's opinions, viewed in their entirety, indicate the results were based upon specific facts distinct from those facts here. In *Gewye*, the court relied upon the fact that the original plaintiff's motion to substitute asserted only the mortgage had been assigned, as opposed to the note and mortgage. In *Houk*, the court's conclusion appears to be founded upon the fact that the substituted plaintiff failed to present any summary judgment evidence to show it had standing to enforce the lost note which had been specially indorsed to a different lender. Here, the original plaintiff did specifically reference the note in the motion to substitute party plaintiff, and the original note was indorsed in blank and admitted into evidence at trial. We distinguish the *Gewye* and *Houk* decisions on these facts, leaving our view as to their holdings for another day.

5

### Conclusion

Our case law is clear that a plaintiff in a foreclosure action must establish its standing both at the time the complaint was filed and when judgment is entered. Here, the parties agree that the original plaintiff had standing. Therefore, because a party substituted pursuant to Rule 1.260 acquires the standing of the original party, Ocwen was only required to establish its standing at the time the judgment was issued. One way a plaintiff in a foreclosure action can establish standing at the time of judgment is to present a copy of the original note indorsed in blank. That is what Ocwen did in this lawsuit.

The transferred standing a substituted plaintiff acquires from the original plaintiff, coupled with the presentation of the original note indorsed in blank, provides the substituted plaintiff standing to foreclose the mortgage. Therefore, the court's final judgment is affirmed.

*Affirmed.*

LEVINE and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6