IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
FOR MFRA TRUST 2015-2,

      Appellant,

 v.

Case No.  5D16-3934

ROLLAND A. MOON, INDIVIDUALLY
AND AS TRUSTEE, AIRES TRUST,
A TEXAS JOINT STOCK COMPANY,
ROBERT MOON, INDIVIDUALLY AND
AS TRUSTEE OF THE ROLLAND,
JENNIFER AND NATHAN MOON
TRUST FUND DATED 11-16-11,

      Appellees.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Seminole County,
Melanie Chase, Judge.

Nicole Ramirez, of eXL LEGAL, PLLC, St.
Petersburg, for Appellant.

George M. Gingo, Titusville, for Appellees.


EVANDER, J.

      Wilmington Trust, National Association ("Wilmington Trust") appeals the final

summary judgment entered in favor of Appellees.  Wilmington Trust argues that summary

judgment was improper because a genuine issue of material fact existed regarding whether Wilmington Trust had standing to foreclose on the note and mortgage in question. We agree, and accordingly, reverse.

Rolland and Jennifer Moon executed a note and mortgage in favor of Wells Fargo Bank in 2008. On June 15, 2015, Wells Fargo filed a foreclosure action against Appellees, alleging that the Moons had defaulted on the note by failing to make the payment due May 1, 2011, and all subsequent payments. Attached to the verified complaint was a copy of the note endorsed in blank, a copy of the mortgage, and a "certification of possession" declaring under penalty of perjury that as of April 13, 2015, Wells Fargo was in possession of the original note.

Subsequently, Wilmington Trust filed a motion to substitute as plaintiff based on an assignment of mortgage it received from Wells Fargo. The motion was granted on February 22, 2016. Thereafter, Wilmington Trust filed a verified amended complaint alleging, *inter alia*, that Wilmington Trust "is the holder of the note and is entitled to enforce said mortgage and mortgage note." A copy of the mortgage, assignment of mortgage, and note were attached to the verified amended complaint. Wilmington Trust also attached a certificate of possession that was identical to the one attached by Wells Fargo to the original verified complaint.

Appellees did not file an answer to the amended verified complaint. Instead, Appellees filed a motion for summary judgment, or alternatively, motion to dismiss action, arguing that Wilmington Trust lacked standing. Specifically, Appellees contended that although the amended verified complaint alleged that Wilmington Trust was the holder of the note, the attached certificate of possession indicated that Wells Fargo possessed the

2

note. Appellees further argued that the amended verified complaint did not allege either: (1) that there was an agency relationship between Wilmington Trust and Wells Fargo, or (2) that the note (as opposed to the mortgage) had been assigned by Wells Fargo to Wilmington Trust. As a result, according to Appellees, Wilmington Trust lacked standing because it was not the holder of the note as of the date it filed the amended verified complaint. Appellees did not file any affidavits or other summary judgment evidence in support of their motion.

Notwithstanding the lack of summary judgment evidence, the trial court granted summary judgment in Appellees' favor, finding that the undisputed facts established that Wilmington Trust lacked standing because the certificate of possession demonstrated that Wilmington Trust did not possess the note.

A final order granting summary judgment is reviewed de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). A court may grant summary judgment only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *Id.* The burden rests on the moving party to demonstrate the nonexistence of any dispute as to the material facts; only after the moving party has tendered competent evidence supporting its motion does the burden shift to the other party to come forward with counterevidence that establishes a question of material fact. *Hicks v. Hoagland*, 953 So. 2d 695, 697 (Fla. 5th DCA 2007). Because summary judgment is not a substitute for trial, when a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove its cause of action; rather, the court's function is solely to determine whether the record conclusively shows that the moving party has established that the plaintiff could never

3

prove its case. *Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC*, 75 So. 3d 865, 869 (Fla. 2d DCA 2011) (holding defendant in mortgage foreclosure action was not entitled to summary judgment because original note and mortgage were not "in evidence"; "burden was on [defendant] to prove that [plaintiff] *could never* prove its case—not that it *had not* already done so").

In a mortgage foreclosure action, it is well settled that a plaintiff must have standing both at the inception of the foreclosure proceeding as well as at the time of final judgment. *Bowmar v. SunTrust Mortg., Inc.*, 188 So. 3d 986, 988 (Fla. 5th DCA 2016) (citing *Pennington v. Ocwen Loan Servicing, LLC*, 151 So. 3d 52, 53 (Fla. 1st DCA 2014)). In the case of a substituted plaintiff, the substituted plaintiff may rely on the standing (if any) of the original plaintiff at the time the case was filed. The substituted plaintiff then must prove its own standing when judgment is entered. *Sandefur v. RVS Capital, LLC*, 183 So. 3d 1258, 1260 (Fla. 4th DCA 2016). Significantly, there is no requirement that a substituted plaintiff must prove its standing at the time of the substitution. *See Ventures Tr. v. Asset Acquisitions & Holdings Tr.*, 202 So. 3d 939, 943 (Fla. 2d DCA 2016) ("[Defendant] cites no legal authority that suggests yet a third temporal point for required standing in foreclosure proceedings—a prior, substituted plaintiff's at the time of a court-ordered substitution—in order for a holder to enforce a mortgage. And we are loathe to engraft something so unheralded (and unwarranted) upon what is, now, a well-settled facet of foreclosure law.").

In the instant case, Wells Fargo's standing at the inception of the case was not challenged. Appellees presented no summary judgment evidence that Wilmington Trust

4

would be unable to prove it was the holder of the note at trial.[1]  Accordingly, it was error for the trial court to have granted Appellees' motion for summary judgment.

REVERSED and REMANDED.

ORFINGER and LAMBERT, JJ., concur.

---

[1] Although unnecessary to the disposition of this appeal, we would also suggest that the certificate of possession attached to the verified amended complaint did not conclusively refute Wilmington Trust's claim that it was the holder of the note at the time it was substituted into the action.