IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PMT NPL FINANCING 2015-1,

      Appellant,

 v.                                Case No.  5D17-2711

CENTURION SYSTEMS, LLC, AS
SUCCESSOR TRUSTEE UNDER
THE 5055 SHALE RIDGE TRAIL
LAND TRUST DATED JULY 6, 2012,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ET AL.,

      Appellees.

_____/

Opinion filed August 24, 2018

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Nancy M. Wallace, of Akerman LLP,
Tallahassee, William P. Heller, of Akerman
LLP, Fort Lauderdale, and Eric M. Levine,
Akerman LLP, West Palm Beach, for
Appellant.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellee, Centurion Systems, LLC, as
Successor Trustee Under the 5055 Shale
Ridge Trail Land Trust Dated July 6, 2012.

No Appearance for Other Appellees.


ORFINGER, J.

PMT NPL Financing 2015-1 ("PMT") appeals from the dismissal of a foreclosure complaint entered in favor of Centurion Systems, LLC, as Successor Trustee Under the 5055 Shale Ridge Trail Land Trust Dated July 16, 2012 ("Centurion"). Because the trial court erroneously concluded that PMT did not have standing at the time of trial, we reverse and remand for a new trial. We do not address the remaining issues, as they are rendered moot by our reversal.

Jenny and Wayne Alfred executed a promissory note in favor of the original lender, The CIT Group/Consumer Finance, Inc. ("CIT"). The note was secured by a mortgage encumbering the Alfreds' real property in Orange County, Florida. The Alfreds defaulted on their loan in December 2010 and then filed for bankruptcy protection. The bankruptcy trustee conveyed the property to Realty Asset Exchange LLC, which immediately conveyed the property to Centurion. The Alfreds were granted a discharge in August 2012.

PennyMac Mortgage Investment Trust Holdings I, LLC ("PennyMac Mortgage") then filed the underlying foreclosure complaint. PennyMac Mortgage alleged that it held the note and mortgage and attached copies of both to the complaint. The note contained an indorsement by CIT in favor of CitiMortgage, Inc. and an undated blank indorsement by "CitiMortgage, Inc./By and through its Attorney in Fact PNMAC Capital Management, LLC." After PennyMac Mortgage changed its name, PennyMac Holdings, Inc. was named as the party plaintiff in January 2014. PennyMac Holdings, Inc. thereafter filed the original note with the same two indorsements and a certified copy of the mortgage with the court. In August 2015, PennyMac Holdings, Inc. moved to substitute PMT as the party plaintiff, asserting that the mortgage had been assigned to PMT, and thus, PMT was the real party

2

in interest. The court granted the motion without objection.  As party plaintiff, PMT moved the court to release the previously filed original note and mortgage.  However, the trial court denied the motion without elaboration.  Centurion subsequently filed an answer, denying that PMT was the holder of the note, and raising, among others, lack of standing as an affirmative defense.

At the non-jury trial, PMT entered several documents into evidence.  Of importance, despite its earlier ruling, PMT was allowed to remove from the court file and enter into evidence, the certified copy of the mortgage and the original note with the CIT indorsement to CitiMortgage and the blank indorsement from CitiMortgage by and through PNMAC.  After PMT rested its case, Centurion moved for an involuntary dismissal. The trial court dismissed PMT's foreclosure action, finding that PMT failed to establish standing at the time of trial because the original note was filed with the court before PMT was substituted as the party plaintiff.

We review de novo an order granting a motion for involuntary dismissal at the close of the plaintiff's case.  E.g., Nationstar Mortg., LLC v. Kee Wing, 210 So. 3d 216, 218 (Fla. 5th DCA 2017); Deutsche Bank Nat'l Tr. Co. v. Baker, 199 So. 3d 967, 968 (Fla. 4th DCA 2016). In doing so, we "view the evidence and all inferences of fact in a light most favorable to the nonmoving party" and affirm "only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." Deutsche Bank Nat'l Tr. Co. v. Clarke, 87 So. 3d 58, 60 (Fla. 4th DCA 2012).  We similarly review de novo whether a party has standing in the foreclosure action.  Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011); Bank of N.Y. Mellon v. Burgiel, 43 Fla. L. Weekly D1169, D1169 (Fla. 5th DCA May 25, 2018).

A foreclosure plaintiff must have standing both at the time the foreclosure complaint is filed as well as when judgment is entered. Burgiel, 43 Fla. L. Weekly at D1169; Bowmar v. SunTrust Mortg., Inc., 188 So. 3d 986, 988 (Fla. 5th DCA 2016). In this case, PMT was not the original plaintiff. However, as the substitute plaintiff, PMT stood in the shoes of the original plaintiff/mortgagee and acquired the standing, if any, of the original plaintiff at the time the case was filed. Nationstar Mortg., LLC v. Bo Chan, 226 So. 3d 330, 332 (Fla. 5th DCA 2017). Here, the unrefuted evidence established that the original plaintiff, PennyMac Mortgage, filed with the court the original note with the blank indorsement that was in the same condition as the copy that it attached to the initial complaint with no subsequent contradictory indorsements. This is sufficient to establish that the original plaintiff had standing to bring the foreclosure action, which was conveyed to PMT as the substitute plaintiff. See U.S. Bank, NA for Truman 2012 SC2 Title Tr. v. Glicken, 228 So. 3d 1194, 1196 (Fla. 5th DCA 2017) ("When the note with an undated blank indorsement has been attached to the original complaint, this is sufficient to prove standing provided that the plaintiff produces the original note at trial or files it with the trial court with the same indorsement and there are no subsequent contradictory indorsements.").

PMT further established its own standing at the time of trial. While the trial court denied PMT's request to release the original note prior to trial, PMT's introduction of the original note bearing the blank indorsement into evidence at the trial was sufficient to establish its standing at trial.[1] See Fed. Nat'l Mortg. Ass'n v. Rafaeli, 225 So. 3d 264, 267

---

[1] For this reason, Centurion's reliance on Geweye v. Ventures Trust, 189 So. 3d 231 (Fla. 2d DCA 2016), and Creadon v. U.S. Bank N.A., 166 So. 3d 952 (Fla. 2d DCA 2015), is misplaced. Unlike the banks in Geweye and Creadon, PennyMac Mortgage had

4

(Fla. 4th DCA 2017) (holding that after note owner was substituted for original servicer as plaintiff in action, it had standing at trial where it introduced into evidence original blank-indorsed note, which had been filed in court two years before substituting note owner as party plaintiff); see also Nationstar Mortg., LLC v. Johnson, 43 Fla. L. Weekly D1509, D1510 (Fla. 2d DCA June 29, 2018) (holding that bank's physical possession of original blank-indorsed note at beginning of trial was sufficient to establish standing at trial); Bank of N.Y. Mellon v. Heath, 219 So. 3d 104, 106 (Fla. 4th DCA 2017) ("Here, Bank established standing because the original note and blank-endorsed allonge was properly authenticated and introduced into evidence at trial, which was identical to the copy of the note and blank-endorsed allonge attached to the complaint."). See generally § 671.201(21)(a), Fla. Stat. (2017) (defining "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

---

standing to foreclose when it filed the complaint with a copy of the blank-indorsed note attached, and PMT established standing in its own right by physically possessing the original blank-indorsed note at the trial and entering it into evidence. Compare Geweye, 189 So. 3d 231 (holding evidence was insufficient to support standing of assignee of mortgage to enforce note at time of trial in foreclosure action because even though mortgagee had standing when foreclosure complaint was filed and assignee was substituted as party plaintiff, assignee did not submit note with blank or special indorsement, assignment of note, or affidavit otherwise proving assignee's status as holder of note; mortgagee filed original note indorsed in blank with court long before assignee was substituted in action, and nothing in assignment of mortgage conferred standing on assignee to enforce note), and Creadon, 166 So. 3d 952 (holding purported successor trustee, which was substituted as plaintiff in foreclosure action, failed to establish standing to foreclose note and mortgage where original note was filed in court registry years before successor trustee appeared in suit, and thus, successor trustee could not be holder of note or nonholder in possession with standing to foreclose, and successor trustee did not advance any alternative basis for standing), with Nationstar Mortg., LLC v. Johnson, 43 Fla. L. Weekly D1509, D1510 (Fla. 2d DCA June 29, 2018) (distinguishing case from Geweye and Creadon due to substitute plaintiff's possession of original note at trial).

We reject Centurion's argument that PMT did not have standing to foreclose at the time of trial since the blank indorsement was allegedly deficient. According to Centurion, the blank indorsement, which was executed "Without Recourse CitiMortgage, Inc./By and through its Attorney in Fact PNMAC Capital Management LLC," was deficient because there was no competent evidence that PNMAC was authorized to execute the indorsement as attorney-in-fact for CitiMortgage.

An indorsement is a "signature" on the note "for the purpose of negotiating the instrument." § 673.2041(1), Fla. Stat. (2013). A signature can be placed on an instrument by a person or a person's representative. Id. § 673.4021(1). "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Id. § 673.3081(1). The Uniform Commercial Code ("U.C.C.") Comment to this provision explains that "until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." [2] Id., U.C.C. cmt. 1. Here, assuming, without deciding, that this issue was properly pled, Centurion did not introduce any evidence to support a finding that the signature on the blank indorsement was forged or unauthorized. Thus, PMT was not required to prove that the signature was authorized. See Rivera v. Wells Fargo Bank, N.A., 189 So. 3d 323, 328 (Fla. 4th DCA 2016) (finding that bank was not required to prove that borrower's signature was valid where borrower did not introduce any evidence to support finding that signatures were

---

[2] Although the commentary to the U.C.C. is not controlling authority, see Corfan Banco Asuncion Paraguay v. Ocean Bank, 715 So. 2d 967, 971 (Fla. 3d DCA 1998), Florida courts look to U.C.C. Comments in interpreting the corresponding provisions of Florida's U.C.C. See, e.g., Rivera v. Wells Fargo Bank, N.A., 189 So. 3d 323, 328 (Fla. 4th DCA 2016) (looking to U.C.C. Comment in interpreting section 673.3081).

forged or unauthorized); <u>Bennett v. Deutsche Bank Nat'l Tr. Co.</u>, 124 So. 3d 320, 323 (Fla. 4th DCA 2013) (holding bank could rely on statutory presumption of validity of signatures on allonge, based on section 673.3081(1), in absence of any evidence from mortgagors that signature was unauthorized).

Because the original plaintiff had standing to foreclose when it filed the complaint with a copy of the blank-indorsed note attached and PMT established standing in its own right by entering the original blank-indorsed note into evidence, the trial court erred in granting Centurion's motion for involuntary dismissal. Accordingly, we reverse the order dismissing the foreclosure action and remand for a new trial.

REVERSED and REMANDED.

SAWAYA and WALLIS, JJ., concur.