DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
Appellant,

v.

**CHARLES RICHARD STEVENS** a/k/a **CHARLES R. STEVENS,**
Appellee.

No. 4D19-585

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE12023286.

Roy A. Diaz of SHD Legal Group P.A., Fort Lauderdale, for appellant.

Jonathan Kline of Jonathan Kline P.A., Weston, for appellee.

KLINGENSMITH, J.

Wilmington Savings Fund Society, FSB, ("Wilmington") appeals the trial court's final judgment entered in a homeowner's favor after a non-jury foreclosure trial. The homeowner prevailed due to his allegation that Wilmington lacked standing at the time of trial. We disagree and reverse.

In 2008, Charles Stevens and his wife[1] executed a promissory note and mortgage in favor of Countrywide Bank, FSB ("Countrywide"). The couple defaulted on their loan in 2011 by failing to make their mortgage payments. The Federal National Mortgage Association ("FNMA") obtained an interest in the note and authorized its servicer, Green Tree Servicing, LLC ("Green Tree"), to initiate foreclosure proceedings. Green Tree filed a complaint in August 2012 and attached copies of the mortgage and the original note to its foreclosure complaint. The signature page of the original note attached to the complaint contained Stevens and his wife's signatures and a blank endorsement in favor of Countrywide. Notably,

_____

[1] Lesley Stevens passed away during the foreclosure proceedings and is not a party to this appeal.

this document contained two sets of hole punch marks at the top of the pages.

Stevens answered this complaint and asserted several affirmative defenses, including that Countrywide was listed as the original lender and there was no indication the mortgage had been assigned to Green Tree.

In May 2014, Green Tree filed another copy of the original note. This note was identical to the previous copy filed along with the foreclosure complaint except that this copy contained only one set of hole punch marks at the top of the document, redacted loan numbers, and an exhibit sticker on it.

Two years later, Green Tree moved to substitute Wilmington as the party plaintiff. The motion indicated that "a transfer of interest ha[d] been made to Wilmington Savings Fund Society, FSB." Green Tree attached a copy of the assignment of the mortgage to the motion as evidence of this transfer of interest. Stevens neither responded, nor objected to this motion. The trial court granted the substitution.

Prior to trial in 2018, Wilmington filed a motion for the trial court to return the original note. The case then proceeded to a bench trial even though Wilmington never obtained a ruling on this motion prior to trial, and the court never returned the original note as requested.

The issue of Stevens' default on his loan payments was not contested. The primary issue at the bench trial was whether Wilmington had standing. Wilmington called Stevens as its first witness. During Stevens' testimony, Wilmington's counsel obtained the court file and had Stevens identify his signature on the original note. Wilmington then proffered the note into evidence and Stevens did not object "[a]s long as it stay[ed] in the court file and it [was] a part of the court file." The court then admitted the note into evidence.

During trial, the evidence showed that the original servicer, Green Tree, had since merged with Ditech Financial, LLC. Rushmore Loan Management Services, LLC ("Rushmore") took over servicing from Ditech and was Wilmington's loan servicer at the time of trial. This chain of involvement was verified by an assistant secretary at Rushmore who also authenticated several other documents for Wilmington to prove that it met the conditions precedent to initiate this foreclosure action. Through the secretary's testimony, Wilmington alleged that multiple documents showed Green Tree was in possession of the original note before the

2

complaint was filed, and that a "welcome letter" from Rushmore to Stevens showed that Wilmington held the note at the time of trial.

In Stevens' closing argument, he raised a multitude of issues regarding Wilmington's standing, both at the beginning of the case and during trial. First, Stevens argued that there were differences between the copy of the note attached to the complaint and the copy in evidence, the main differences being the exhibit sticker and redaction of the loan numbers. Then, Stevens argued that Wilmington could not claim holder status because the note remained in the court file, with the Clerk of the Court, when Wilmington was substituted as a party plaintiff. Stevens also argued that Wilmington could not utilize the Green Tree and Ditech merger to prove standing because there was no evidence that the note and mortgage were also transferred from Green Tree to the new entity.

The trial court ruled that Wilmington satisfied all the conditions precedent to filing, and that Wilmington had standing at the inception of the case because Green Tree possessed the endorsed note at the time the complaint was filed. However, the trial court found that Wilmington could not prove that it had standing at the time of trial because the original note was in possession of the Clerk, not Wilmington. A final judgment of involuntary dismissal was entered in favor of Stevens. Wilmington moved for rehearing and the court denied its motion. This appeal followed.

"A *de novo* standard of review applies when reviewing whether a party has standing to bring an action." *Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 132 (Fla. 4th DCA 2015) (quoting *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014)). The "standard of review for a motion for involuntary dismissal is [also] de novo." *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014). When a motion for involuntary dismissal is granted by the trial court, an appellate court "must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." *Id.* at 563-64 (quoting *Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 60 (Fla. 4th DCA 2012)).

When a party like Wilmington is substituted as a plaintiff in a foreclosure action, it must prove that the party who filed the action "had standing when the initial complaint was filed, as well as its own standing when the final judgment was entered." *Vieira v. PennyMac Corp.*, 241 So. 3d 193, 196 (Fla. 4th DCA 2018). "Standing may be established by

3

either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "Standing may also be established through possession of the note, indorsed in blank, prior to the inception of the lawsuit." *Spicer v. Ocwen Loan Servicing, LLC*, 238 So. 3d 275, 276 (Fla. 4th DCA 2018).

The trial court correctly ruled that Green Tree, and Wilmington by virtue of substitution, had standing when the complaint was filed. Green Tree possessed the note prior to when it filed the foreclosure action. *See id.* This note—endorsed in blank—was also attached to the foreclosure complaint, further corroborating the fact that Green Tree held the note when it filed the complaint. *See id.* There are sufficient explanations for the presence of an exhibit sticker and the redactions on the note. *See Kronen v. Deutsche Bank Nat'l Tr. Co. as Tr. for WAMU Pass-Through Certificates, Series 2006-AR3*, 267 So. 3d 447, 448 (Fla. 4th DCA 2019) (stating that there may be differences between an original note and the copy of that original if there is a sufficient explanation for those differences). In contrast, Stevens offered no explanation as to why either the sticker, the redactions,[2] or the additional set of hole marks[3] was a substantial alteration to the note or otherwise showed that Green Tree lacked possession of the note at the inception of the case.

However, the trial court erred by finding that Wilmington lacked standing at the time of trial. Where the original plaintiffs have previously filed the original note with the trial court, the substitute plaintiffs may obtain that note by filing a motion for the court to release the original documents. *See Nationstar Mortg., LLC v. Johnson*, 250 So. 3d 808, 810 (Fla. 2d DCA 2018). Wilmington filed a motion with the trial court to return the original note prior to trial, but the trial court never gave the parties a ruling, and the court never returned the original note. Regardless, the note from the file was entered into evidence at the bench trial. Even if Wilmington's pretrial motion for release had been denied, the "introduction of the original note bearing the blank indorsement into evidence at the trial [i]s sufficient to establish . . . standing at trial." *PMT*

---

[2] Loan numbers are required to be redacted by the Rules of Judicial Administration. *See* Fla. R. Jud. Admin. 2.260 ("During the trial, any documents or exhibits that have been added shall be properly marked and added to the file."); *see also Kronen*, 267 So. 3d at 448 (stating that loan numbers are required to be redacted by the Rules of Judicial Administration).

[3] Stevens did not argue below that the additional set of hole marks substantially altered the note, and as such, this argument is not preserved for appeal. *See Dipasquale v. Maroone Ford, LLC*, 954 So. 2d 691, 691 (Fla. 4th DCA 2007).

*NPL Fin. 2015-1 v. Centurion Sys., LLC*, 257 So. 3d 516, 518 (Fla. 5th DCA 2018) (footnote omitted); *see also Fed. Nat'l Mortg. Ass'n v. Rafaeli*, 225 So. 3d 264, 268 (Fla. 4th DCA 2017) (stating that the "note owner had standing at trial when it introduced into evidence the original blank-endorsed note").

Stevens' reliance on *Geweye v. Ventures Tr. 2013-I-H-R*, 189 So. 3d 231 (Fla. 2d DCA 2016), is misplaced. In *Geweye*, the Second District held that the substituted plaintiff could not prove standing because the original note was filed with the court "long before" the substitution and could not establish that it was the holder or non-holder in possession. *Id.* at 233. However, that case involved a substituted plaintiff that (unlike Wilmington) did not submit either the note, the assignment of the note, or testimony proving its status as an assignee into evidence during the trial. *Id.*

This court has also dealt with the issue of standing for a substitute plaintiff in a more analogous situation. In *Spicer*, the borrowers moved for an involuntary dismissal at trial arguing that the substituted plaintiff "did not establish standing because the original note had been filed with the clerk of court long before it was purportedly transferred to [the substituted plaintiff]." *Spicer*, 238 So. 3d at 276. However, the trial court denied the borrowers' motion. *Id.* The trial court distinguished *Geweye*, in part, because the substituted plaintiff's motion "specifically referenced the Note." *Id.* The trial court opined that because the note was bearer paper, the substituted plaintiff "proved it had possession of the endorsed in blank original note at the time of trial, by virtue of it being in the court file of the case of which it was the party plaintiff." *Id.* This court affirmed the trial court's decision. *Id.* at 279; *see also Deutsche Bank Nat'l Tr. Co., as Tr. for Am. Home Mortg. Assets Tr. 2006-6 v. Noll*, 261 So. 3d 656, 658 (Fla. 2d DCA 2018) (stating that a party may still have power to exercise control over a note even though it is possessed by the Clerk of the Court).

Here, even though Wilmington did not obtain a ruling on its motion to return the original note, and the note was not returned prior to trial, Wilmington obtained the original note from the court file and proffered it into evidence. This note was endorsed in blank and contained Stevens' signature. Stevens did not object to this procedure and the trial court accepted the document in evidence. Thus, Wilmington's "introduction of the original note bearing the blank indorsement into evidence at the trial [i]s sufficient to establish . . . standing at trial." *See PMT*, 257 So. 3d at 518.

We find the trial court erred in concluding that Wilmington did not have standing at the time of trial and erred by dismissing Wilmington's foreclosure action. We find that the evidence at trial supported Wilmington's foreclosure action and remand for the court to enter a final judgment of foreclosure in its favor.

*Reversed and remanded with directions.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***