NORTHCUTT, Judge.
The circuit court entered final judgment in favor of U.S. Bank N.A., foreclosing a mortgage encumbering property owned by Dennis Creadon and Arthur Miltiades. The owners assert that U.S. Bank did not prove its standing to foreclose the note and that the court erred in substituting it as the plaintiff. We agree on both points and reverse the judgment.
The original lender was BancMortgage Financial Corporation. The note was payable to BancMortgage, and the mortgagee under the security agreement was Mortgage Electronic Registration Systems, Inc., commonly known as MERS. In 2009 Thornburg Mortgage Home Loans, Inc., filed this foreclosure suit. Thornburg alleged that it owned the note, and it later filed the original note and mortgage with the court in December 2009. Thornburg filed a motion for summary judgment that the court denied. Owing to a bankruptcy proceeding, activity in the foreclosure suit then ceased for a number of months.
In November 2011, U.S. Bank filed a motion to substitute itself for Thornburg as the plaintiff in the case, claiming that it was the “SUCCESSOR TRUSTEE FOR BANK OF AMERICA AS TRUSTEE FOR THORNBURG MORTGAGE SECURITIES TRUST 2007-3.” The court permitted the substitution, and on the same day it conducted a bench trial and entered final judgment in U.S. Bank’s favor.
Raymond Crawford, an employee of a mortgage servicer, Cenlar FSB, was U.S. Bank’s only witness at the trial. Crawford’s exact position with Cenlar was not discussed, but he stated that his responsibilities included trials, depositions, media-tions, and settlement conferences. Crawford testified pursuant to a limited power of attorney from Bank of America, N.A., which had purportedly purchased the note and mortgage from Thornburg’s bankruptcy estate. Crawford did not know when that purchase occurred. Creadon’s note and mortgage was not specifically referenced in the power of attorney. Nor did Crawford explain how or when U.S. Bank *954 became a successor trustee to Bank of America. And he did not know whether he held a power of attorney from U.S. Bank. According to him, Thornburg executed an assignment in favor of U.S. Bank. But he did not recall ever actually seeing this assignment.
No one seriously disputes that Creadon is in default on the mortgage encumbering the property. The original complaint asserted, and Crawford’s testimony confirmed, that Creadon had not made the October 2008 payment or any payment due after that. The issue here is whether U.S. Bank presented sufficient evidence to warrant its substitution as plaintiff and to prove that it had standing to enforce the note and mortgage. It did not introduce the assignment of mortgage Crawford recalled, or any other assignment, into evidence. It proceeded solely on the theory that it was the holder of the note and thus had the right to foreclose the loan. See Focht v. Wells Fargo Bank, N.A., 124 So.3d 308, 310 (Fla. 2d DCA 2013) (noting that one way a plaintiff may establish standing to foreclose a loan is by proving it holds the note).
A note is a negotiable instrument. An entity can establish standing to foreclose a note secured by a mortgage by showing that it is the holder of the note or a nonholder in possession of the note who has the rights of a holder. Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011); see also § 673.3011, Fla. Stat. (2008). Creadon’s original note had been filed in the registry of the court years before U.S. Bank appeared in the suit. Therefore, U.S. Bank simply could not have been holding the note or been a nonholder in possession[1] with standing to foreclose the mortgage. See generally Murray v. HSBC Bank USA, 157 So.3d 355 (Fla. 4th DCA 2015) (explaining that a holder is the person in possession of a negotiable instrument and that a nonholder in possession must prove each prior transfer of the note in order to enforce it). U.S. Bank did not advance any other theory that would have established an alternate basis for standing, such as an assignment of the mortgage.
U.S. Bank failed to present sufficient evidence that it had standing to foreclose the note. As we stated in Correa v. U.S. Bank, N.A., 118 So.3d 952, 956 (Fla. 2d DCA 2013), we do not generally give parties who have failed to prove their case an opportunity to do so in a retrial. Thus, we reverse and remand with directions that the circuit court enter an involuntary dismissal of the foreclosure complaint.
Reversed and remanded with directions.
CASANUEVA and KELLY, JJ., Concur.

. Section 673.3011 also provides that in certain circumstances a person not in possession of the instrument may enforce it. None of those circumstances are present in this case.