NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CAROLYN M. GEWEYE a/k/a Carolyn May )
Geweye, )
                        )
       Appellant, )
                        )
v. )           Case No. 2D14-4668
                        )
VENTURES TRUST 2013-I-H-R; THE )
UNKNOWN SPOUSE OF CAROLYN M. )
GEWEYE a/k/a Carolyn May Geweye; THE )
UNKNOWN HEIRS, DEVISEES, )
GRANTEES, ASSIGNEES, LIENOR, )
CREDITORS, TRUSTEES, or other )
CLAIMANTS claiming by, through, under or )
against Virginia Larue Wright, deceased; )
BRUCE CARL WRIGHT a/k/a Bruce C. )
Wright, as heir of the Estate of Virginia )
Larue Wright, deceased; HOWARD EDWIN )
WRIGHT a/k/a Howard E. Wright, as heir of )
the Estate of Virginia Larue Wright, )
deceased; CAROLYN MAY GEWEYE, as )
heir of the Estate of Virginia Larue Wright, )
deceased; ANY AND ALL UNKNOWN )
PARTIES claiming by, through, under, and )
against the herein named individual )
defendant(s) who are not known to be dead )
or alive, whether said unknown parties may )
claim an interest as Spouses, Heirs, )
Devisees, Grantees, or other claimants; )
FOXWOOD AT PANTHER RIDGE )
HOMEOWNERS' ASSOCIATION, INC.; )
and JPMORGAN BY MERGER WITH )
WASHINGTON MUTUAL BANK FA, )
                        )
       Appellees. )

)

Opinion filed March 16, 2016.

Appeal from the Circuit Court for Manatee County; Thomas M. Gallen, Senior Judge.

H. Daniel McKillop of McKillop Law Firm, Sarasota, for Appellant.

Shaib Y. Rios of Brock & Scott, PLLC, Fort Lauderdale; and Orlando DeLuca and Shawn Taylor of DeLuca Law Group, PLLC, Fort Lauderdale, for Appellee Ventures Trust 2013-I-H-R.

No appearance for remaining Appellees.

BLACK, Judge.

Carolyn Geweye appeals a final judgment of foreclosure entered in favor of Ventures Trust 2013-I-H-R (Ventures), following a bench trial. We reverse because Ventures failed to prove its standing to enforce the note. Because the standing issue is dispositive, we withhold comment on the other issues raised by Ms. Geweye on appeal.

On June 28, 2012, JPMorgan Chase Bank, N.A. (Chase), filed a foreclosure complaint alleging that it was the holder of the note and mortgage and/or was entitled to enforce the note and mortgage.[1] Chase attached a copy of the note indorsed in blank and a copy of the mortgage. On February 8, 2013, Chase filed the original note indorsed in blank and the original mortgage. Thereafter, on March 18, 2014, Chase moved to substitute Ventures as the party plaintiff. In its motion, Chase

_____

[1]The complaint also included a count to reform the legal description of the property contained within the mortgage.

- 2 -

alleged that subsequent to the commencement of the foreclosure action, the mortgage was "transferred" to Ventures, who became a real party in interest. There was, however, no mention of the note. On April 22, 2014, over Ms. Geweye's objection, the court granted the substitution.

On May 16, 2014, a nonjury trial was held before a magistrate. Several documents were introduced at trial, including the assignment of mortgage to Ventures. The assignment of mortgage did not purport to assign any interest in the note, and the parties do not dispute that there was no assignment of the note. At the conclusion of Ventures' case, Ms. Geweye moved for involuntary dismissal based, in part, on Ventures' failure to prove standing. The magistrate reserved ruling, and on June 25, 2014, he issued his report and recommended order finding that Ventures had standing to foreclose. Ms. Geweye filed exceptions to the recommended order, but the circuit court denied the exceptions following a hearing and entered final judgment in favor of Ventures.

"A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that the (original) plaintiff had standing as of the time the foreclosure complaint was filed." Russell v. Aurora Loan Servs., LLC, 163 So. 3d 639, 642 (Fla. 2d DCA 2015) (quoting Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)). There is no dispute that Chase had standing when the foreclosure complaint was filed. As to Ventures, however, "an order of substitution does not create standing." Sandefur v. RVS Capital, LLC, 41 Fla. L. Weekly D265 (Fla. 4th DCA Jan. 27, 2016). Rather, "[a] plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note

with a blank or special [i]ndorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). Ventures submitted none of these and thus failed to establish its standing at the time of trial.

Ventures asserted that the original note indorsed in blank, coupled with the assignment of mortgage, provided it with standing. However, Chase filed the original note indorsed in blank with the court long before Ventures was substituted as the party plaintiff. As such, Ventures could not establish that it was the holder or nonholder in possession for purposes of standing. See Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015). Further, Ventures failed to explain how the assignment of mortgage, reflecting only the transfer of the mortgage and not the note, provided it with standing; nothing in the assignment of mortgage conferred standing on Ventures to enforce the note. See Russell, 163 So. 3d at 641-42; see also Vance v. Fields, 172 So. 2d 613, 614 (Fla. 1st DCA 1965) ("An assignment of the mortgage without an assignment of the debt creates no right in the assignee."). And because no assignment of note was introduced, we are compelled to reverse.

Because Ventures failed to present evidence of standing to enforce the note at the time of trial, we reverse and remand with directions that the circuit court enter an involuntary dismissal of the foreclosure complaint. See Creadon, 166 So. 3d at 954.

Reversed and remanded with directions.


WALLACE and LUCAS, JJ., Concur.

- 4 -