NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STELLA PARTRIDGE a/k/a STELLA )
GOMEZ SEITZ a/k/a M. STELLA GOMEZ )
SEITZ, )
  )
   Appellant, )
  )
v. ) Case No. 2D16-3081
  )
NATIONSTAR MORTGAGE, LLC; )
RICARDO PARTRIDGE; and THE BANK )
OF NEW YORK MELLON f/k/a THE BANK )
OF NEW YORK, as trustee for the )
certificateholders of CWHEQ, Inc., Home )
Equity Loan Asset Backed Certificates, )
Series 2006-S6; )
  )
   Appellees. )
  )

Opinion filed August 11, 2017.

Appeal from the Circuit Court for Pinellas
County; Cynthia J. Newton, Judge.

Nicholas Taldone, New Port Richey, for
Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Celia C.
Falzone of Akerman LLP, Jacksonville, for
Appellee Nationstar Mortgage, LLC.

No appearance for remaining Appellees.


LaROSE, Chief Judge.

Stella Partridge, also known as Stella Gomez Seitz ("Ms. Seitz"), appeals a final judgment of foreclosure. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Ms. Seitz, who unsuccessfully moved for involuntary dismissal at trial, argues that the trial court erred in admitting the payment history into evidence. She also contends that Nationstar Mortgage, LLC ("Nationstar"), lacked standing to foreclose. Because Nationstar failed to prove standing, we reverse and remand for further proceedings.

## Standard of Review

We review an order denying a motion for involuntary dismissal de novo. See Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016); Deutsche Bank Nat'l Tr. Co. v. Huber, 137 So. 3d 562, 563 (Fla. 4th DCA 2014).

## Background

Ms. Seitz' ex-husband, Ricardo Partridge, executed a promissory note in favor of United Capital Mortgage Corporation in 2002. A mortgage executed by Ms. Seitz and Mr. Partridge secured the debt. After they failed to make payments on the note, Bank of America, N.A., the then-noteholder sued to foreclose in 2011. Bank of America filed the original note and mortgage with the trial court. The case was dismissed in 2012.

In 2013, Nationstar began servicing the loan. A year later, Nationstar filed a foreclosure action. With its complaint, Nationstar filed a certification stating that the original note and mortgage remained with the trial court. Nationstar asked the trial court to take judicial notice of the originals and transfer them to the Nationstar foreclosure case. The trial court granted the motion.

- 2 -

At trial, Nationstar introduced a welcome letter advising Mr. Partridge that Nationstar was the assignee of the mortgage. An assignment of the mortgage was also part of the evidence before the trial court. The evidence at trial also included a letter from Bank of America to Mr. Partridge advising him that Nationstar would now be servicing the loan.

At trial, Cris Thomas, a Nationstar senior default case specialist, testified about Nationstar's business records. She worked for Nationstar and was familiar with its business practices. She testified that Nationstar's practice was to leave the original note with the clerk of court so as to avoid loss. She also stated that the payment history reflecting the debt owed was in Nationstar's file and was maintained in accordance with its normal business procedures.

## Analysis

### Issue 1: Admission of Payment History

Ms. Seitz argues that the trial court erred in allowing the payment history into evidence. We disagree. The payment history reflected transactions made in the ordinary course of business. Ms. Thomas testified adequately about her knowledge of Nationstar's business records. See Cayea v. CitiMortgage, Inc., 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014) (noting that the authenticating witness to the business record "just need be well enough acquainted with the activity to provide testimony" (citing Cooper v. State, 45 So. 3d 490, 493 (Fla. 4th DCA 2010))). The trial court did not err in admitting the payment history into evidence.

### Issue 2: Standing

"The party seeking foreclosure must present evidence that it owns and holds the note and mortgage to establish standing to proceed with a foreclosure action."

Stone v. BankUnited, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (quoting Mazine v. M & I Bank, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011)). "A plaintiff may prove that it has standing to foreclose 'through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer.' " Id. (quoting BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So. 3d 936, 939 (Fla. 2d DCA 2010)).

In Geweye v. Ventures Trust 2013-I-H-R, 189 So. 3d 231, 232 (Fla. 2d DCA 2016), we held that Venture failed to prove standing to foreclose. JP Morgan Chase Bank, N.A. ("Chase"), filed a foreclosure suit alleging that it held the note. Id. Chase filed the original note with the trial court. Id. A year later, Chase successfully moved to substitute Ventures as the party plaintiff, alleging that it had transferred the mortgage to Ventures. Id. Although Ventures introduced an assignment of mortgage at trial, "[t]he assignment . . . did not purport to assign any interest in the note." Id. Indeed "the parties d[id] not dispute that there was no assignment of the note." Id. We concluded that Chase had standing when it filed its foreclosure complaint. Id. at 232-33. However, the order of substitution, by itself, did not extend that standing to Ventures. Id. at 233.

Nationstar urges us to disregard Geweye. Nationstar contends that "the undisputed evidence was that, rather than risk losing the note through multiple transfers, Nationstar was using the clerk [of the court] as a bailee to continue possessing the note on its behalf until it could complete the foreclosure." We are not persuaded.

This case is remarkably similar to Geweye. Although Bank of America assigned the mortgage to Nationstar, it does not appear that Nationstar acquired an interest in the note. Further, Nationstar's unilateral decision to leave the original note

- 4 -

and mortgage with the trial court does not establish possession of the note. "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013).

Here, the original note was filed with the trial court long before Nationstar commenced its foreclosure action. An assignment of the note from Bank of America may have gone a long way to establish Nationstar's standing. Unfortunately for Nationstar, it has not established "that it was the holder or nonholder in possession for purposes of standing." Geweye, 189 So. 3d at 233 (citing Creadon v. U.S. Bank N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015)).

## Conclusion

We reverse the final judgment and direct the trial court to grant Ms. Seitz' motion for involuntary dismissal because Nationstar failed to prove standing.

Reversed with instructions.


WALLACE and LUCAS, JJ., Concur.