NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATIONSTAR MORTGAGE, LLC,       )
as successor in interest to WELLS )
FARGO BANK, N.A.,                )
                                 )
            Appellant,           )
                                 )
v.                               )   Case No. 2D17-2398
                                 )
STEPHEN JOHNSON a/k/a            )
STEPHEN L. JOHNSON a/k/a         )
STEPHEN LYNN JOHNSON;            )
CARRIE JOHNSON a/k/a             )
CARRIE LAURA ARMSTRONG; and      )
BONNIE CLAIRE LANESE JOHNSON     )
n/k/a BONNIE CLAIRE LANESE,      )
                                 )
            Appellees.           )
_____)

Opinion filed June 29, 2018.

Appeal from the Circuit Court for
Manatee County; Gilbert A. Smith, Jr.,
Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and
Eric M. Levine of Akerman LLP, West
Palm Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellees Stephen
Johnson and Carrie Johnson.

No appearance for remaining
Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Nationstar Mortgage, LLC, as successor in interest to Wells Fargo Bank, N.A.,[1] appeals from the dismissal of a foreclosure complaint. Because the trial court erroneously concluded that Nationstar did not have standing at the time of trial, we reverse.

## Facts

Stephen L. Johnson executed a promissory note in favor of Wells Fargo Bank, N.A., on May 22, 2012. The note was secured by a mortgage encumbering Johnson's real property in Manatee County, Florida. Johnson made no payments on the note, and Wells Fargo sent Johnson a notice of default. Johnson made no attempt to cure the default, and on April 17, 2013, Wells Fargo filed the underlying foreclosure complaint.[2] Wells Fargo attached a copy of the note, which was indorsed in blank, to the complaint, and it filed the original blank-indorsed note and the mortgage with the trial court in November 2013. The Johnsons answered the complaint and alleged various affirmative defenses. Wells Fargo filed an amended complaint in September 2015, and the Johnsons filed no answer to that.

---

[1]The notice of appeal erroneously identified Wells Fargo as the plaintiff/appellant. Nationstar subsequently moved to correct the name of the appellant. We deemed the error a scrivener's error and granted the motion. We reject the Johnsons' jurisdictional argument based on this error as without merit and not worthy of further discussion.

[2]The complaint names Stephen Johnson and Carrie Johnson, among others, as defendants. Carrie Johnson signed the mortgage as "non-borrower spouse" and did not sign the note. She is identified as a defendant and/or an appellee in all relevant pleadings.

In December 2016, Wells Fargo filed a motion to substitute party plaintiff, asserting that during the pendency of the foreclosure action, it had transferred the mortgage to Nationstar and that Nationstar was now the real party in interest. Wells Fargo attached to its motion a copy of the assignment of the mortgage. The day before trial was to begin, Wells Fargo, still the plaintiff, moved for the court to release the original documents that it had filed previously. Wells Fargo also moved to continue the trial so that Nationstar could enter an appearance and request the return of the original documents. Thus, Wells Fargo plainly contemplated that Nationstar would take physical possession of the original note in anticipation of trial.

Trial took place on February 28, 2017. Before it began, the trial court, over the Johnsons' objection, granted Wells Fargo's motion to substitute and granted Wells Fargo's motion and Nationstar's oral request to release the original note and mortgage into Nationstar's custody "for use at trial." During the trial, Nationstar then introduced the original note into evidence through its corporate witness. Although the Johnsons objected to the admission of the assignment of the mortgage, they did not object to the admission of the original note and mortgage.

Relying on Geweye v. Ventures Trust 2013-I-H-R, 189 So. 3d 231 (Fla. 2d DCA 2016), and Creadon v. U.S. Bank, N.A., 166 So. 3d 952 (Fla. 2d DCA 2015), the Johnsons moved for an involuntary dismissal at the conclusion of Nationstar's case, arguing that Nationstar lacked standing at trial. The trial court agreed and granted the motion. This appeal followed.

**Discussion**

We review de novo an order granting a motion for involuntary dismissal at the close of the plaintiff's case. Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) (citing Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011)).

On appeal, Nationstar argues that its physical possession of the original blank-indorsed note at the beginning of the trial was sufficient to establish its standing at trial. We agree. "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). Having granted Wells Fargo's motion to substitute Nationstar as plaintiff, the trial court, upon Wells Fargo's motion and Nationstar's pretrial request, released the original note to Nationstar, and Nationstar introduced the note into evidence. Nationstar, therefore, physically possessed the note at trial and had standing to foreclose at that time as the holder of the note. See § 671.201(21)(a), Fla. Stat. (2016) (defining "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"); see also Caraccia v. U.S. Bank, Nat'l Ass'n, 185 So. 3d 1277, 1279 (Fla. 4th DCA 2016) ("A negotiable instrument . . . is enforceable by the holder . . . ."); cf. Partridge v. Nationstar Mortg., LLC, 224 So. 3d 839, 841-42 (Fla. 2d DCA 2017) (reversing the final judgment and directing the trial court to grant summary judgment in favor of the mortgagor because the original lender had filed the original note with the trial court long before Nationstar commenced its

foreclosure action and "Nationstar's unilateral decision to leave the original note . . . with the trial court does not establish possession of the note"). Contrary to the Johnsons' contention, Nationstar did not have to show that Wells Fargo had formally transferred the note to it; Nationstar's physical possession of the blank-indorsed note was sufficient to establish its status as the holder. Cf. § 673.3011, Fla. Stat. (2016) (providing that even a person who wrongfully possesses a negotiable instrument may be entitled to enforce it).

Nationstar's possession of the original note at trial distinguishes this case from both Geweye and Creadon.[3] In Geweye, JPMorgan Chase Bank, N.A., filed a foreclosure complaint and attached copies of the blank-indorsed note and the mortgage. Subsequently, Chase filed the original note and the original mortgage. 189 So. 3d at 232. Later, Chase transferred its interest in the mortgage to Ventures Trust, executed an assignment of the mortgage to Ventures, and moved to substitute Ventures as the party plaintiff. The trial court granted the substitution. Id. At trial, Ventures introduced a copy of the assignment of mortgage. The assignment, however, did not purport to assign any interest in the note, and there was no separate assignment of the note. Id. at 232-33. In reversing, this court explained:

> "[A] plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special [i]ndorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013). Ventures submitted none of these and thus failed to establish its standing at the time of trial.

---

[3]As Nationstar's counsel stated at trial: "That's the difference between [Geweye] and this case. That is the exact reason why I requested the return of those documents."

Ventures asserted that the original note indorsed in blank, coupled with the assignment of mortgage, provided it with standing. However, Chase filed the original note indorsed in blank with the court long before Ventures was substituted as the party plaintiff. As such, Ventures could not establish that it was the holder or nonholder in possession for purposes of standing. See Creadon v. U.S. Bank, N.A., 166 So. 3d 952, 954 (Fla. 2d DCA 2015). Further, Ventures failed to explain how the assignment of mortgage, reflecting only the transfer of the mortgage and not the note, provided it with standing; nothing in the assignment of mortgage conferred standing on Ventures to enforce the note.

Id. at 233 (second alteration in original).

In Creadon, Thornburg Mortgage Home Loans, Inc., filed a foreclosure complaint in which it alleged that it owned the note. 166 So. 3d at 953. Later, Thornburg filed the original mortgage and note with the court. Years later, U.S. Bank moved to substitute itself for Thornburg as the plaintiff, claiming that it was the holder of the note as a successor trustee to Bank of America, which had purchased the note and mortgage from Thornburg's bankruptcy estate. In holding that U.S. Bank had failed to establish standing as the holder of the note, this court explained:

The issue here is whether U.S. Bank presented sufficient evidence to warrant its substitution as plaintiff and to prove that it had standing to enforce the note and mortgage. It did not introduce the assignment of mortgage . . . or any other assignment, into evidence. It proceeded solely on the theory that it was the holder of the note and thus had the right to foreclose the loan.

. . . An entity can establish standing to foreclose a note secured by a mortgage by showing that it is the holder of the note or a nonholder in possession of the note who has the rights of a holder. Creadon's original note had been filed in the registry of the court years before U.S. Bank appeared in the suit. Therefore, U.S. Bank simply could not have been holding the note or been a nonholder in possession with

standing to foreclose the mortgage.

Id. at 954 (footnote omitted) (citations omitted).

Here, not only did Nationstar establish itself as the holder of the note at the time of trial, but contrary to the Johnsons' tipsy coachman argument, Wells Fargo had standing to foreclose when it filed the original complaint: the copy of the blank-indorsed note that Wells Fargo attached to its original complaint was identical to the original note that it subsequently filed with the court and was the very same note that Nationstar later introduced at trial. See U.S. Bank, N.A. for Truman 2012 SC2 Title Tr. v. Glicken, 228 So. 3d 1194, 1196 (Fla. 5th DCA 2017) ("When the note with an undated blank indorsement has been attached to the original complaint, this is sufficient to prove standing provided that the plaintiff produces the original note at trial or files it with the trial court with the same indorsement and there are no subsequent contradictory indorsements."); cf. Nationstar Mortg., LLC, v. Bo Chan, 226 So. 3d 330, 332 (Fla. 5th DCA 2017) ("[A]s the substitute plaintiff, Appellant 'stands in the shoes of the original plaintiff/mortgagee' and 'acquires the standing (if any) of the original plaintiff at the time the case was filed.' " (quoting Sandefur v. RVS Capital, LLC, 183 So. 3d 1258, 1260 (Fla. 4th DCA 2016))).

Because Wells Fargo had standing to foreclose when it filed the complaint with a copy of the blank-indorsed note attached, and Nationstar established standing in its own right by physically possessing the original blank-indorsed note at the beginning of the trial and entering it into evidence, the trial court erred in granting the Johnsons' motion for involuntary dismissal. Accordingly, the final judgment of dismissal is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

VILLANTI and SLEET, JJ., Concur.