NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEUTSCHE BANK NATIONAL TRUST )
COMPANY, as TRUSTEE FOR )
AMERICAN HOME MORTGAGE ASSETS )
TRUST 2006-6, MORTGAGE BACKED )
PASS-THROUGH CERTIFICATES )
SERIES 2006-6, )
 )
   Appellant, )
 )
v. )  Case No. 2D16-5635
 )
WILLIAM F. NOLL, III, )
 )
   Appellee. )
_____)

Opinion filed October 31, 2018.

Appeal from the Circuit Court for Collier
County; Hugh D. Hayes, Judge.

A. Donald Scott, Jr. of Clarfield, Okon,
Salomone & Pincus, Orlando, for Appellant.

Louis D. D'Agostino and Maria Vigilante of
Cheffy Passidomo, P.A., Naples,
for Appellee.


ATKINSON, Judge.

   Deutsche Bank National Trust Company ("Deutsche Bank") appeals the

final summary judgment entered in favor of William F. Noll, III, dismissing its foreclosure

case due to lack of standing. We reverse because the lower court erroneously determined that because the Collier County Clerk of Court (the "Clerk") had possession of the original promissory note filed in a previously-dismissed foreclosure action, the Clerk, rather than Deutsche Bank, was the holder of the note at the time the foreclosure case was commenced.

In March of 2011, Deutsche Bank filed suit against Mr. Noll in Collier County Circuit Court to foreclose on a mortgage (the "Prior Foreclosure"). The Prior Foreclosure arose out of a monetary default under the terms of a promissory note and mortgage executed by Mr. Noll on September 26, 2006. The original principal amount due under the note was $2,600,000. Mr. Noll defaulted under the terms of the note and mortgage by failing to make the payment due on May 1, 2010, and failing to make all payments due thereafter. Deutsche Bank filed the original promissory note with the Clerk on March 11, 2014, in anticipation of a hearing on its motion for summary judgment. The Prior Foreclosure was involuntarily dismissed without prejudice on November 10, 2014. Deutsche Bank did not retrieve the original promissory note from the court file.

On May 5, 2015, Deutsche Bank filed another foreclosure action against Mr. Noll based on the same promissory note. It alleged in the complaint that it was the "holder of the original note secured by the mortgage and [was] entitled to foreclosure pursuant to Florida Statute 673.3011(1)." A copy of the promissory note was attached to the complaint evidencing a blank indorsement. In the certification of possession of original promissory note, Deutsche Bank's attorney certified that "[o]n April 29, 2015 at 11:09 a.m., [she] reviewed the original Note at Collier County Courthouse and

- 2 -

personally verified that Collier County Clerk is in the possession of the Note on behalf of Plaintiff." Deutsche Bank filed a motion to transfer the original loan documents filed in the Prior Foreclosure into the new court file, which was granted on March 9, 2016.

Both Deutsche Bank and Mr. Noll filed motions for summary judgment. Mr. Noll argued that Deutsche Bank lacked standing because at the time of filing its second foreclosure action, the original note was in the possession of the Clerk in the case file of the Prior Foreclosure. The trial court granted summary judgment in favor of Mr. Noll based upon its finding that the Clerk was the holder of the original note at the time the complaint was filed and, as a result, Deutsche Bank lacked standing to foreclose.

This court reviews decisions involving whether a party has standing to bring a mortgage foreclosure action de novo. St. Clair v. U.S. Bank Nat'l Ass'n, 173 So. 3d 1045, 1046 (Fla. 2d DCA 2015). The de novo standard of review also applies to orders granting summary judgment, Olivera v. Bank of Am., N.A., 141 So. 3d 770, 773 (Fla. 2d DCA 2014), which are reviewed under the following two-pronged analysis: (1) whether, drawing every possible inference in favor of the non-movant, there are any genuine issues of material fact and (2) whether the movant is entitled to a judgment as a matter of law, Maynard v. Household Finance Corp. III, 861 So. 2d 1204, 1206 (Fla. 2d DCA 2003).

As the parties have identified no disputed issue of material fact, the question for this court is purely a legal one: whether Deutsche Bank was the holder of the original promissory note on May 1, 2015, when it filed the mortgage-foreclosure

complaint, notwithstanding the fact that the note was in the possession of the Clerk because it remained in the court file from the Prior Foreclosure.

Florida courts require a party seeking to enforce a promissory note and to foreclose on the collateral securing that debt to establish that they have standing to do so when they file suit.  See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 191 (Fla. 2d DCA 2016) (Lucas, J., concurring) (outlining the origins of the standing-at-inception rule in foreclosure cases).  Both holders and non-holders in possession with rights of a holder are entitled to enforce a negotiable instrument such as the promissory note at issue in this appeal.  § 673.3011, Fla. Stat. (2016).  A holder is the person in possession of the negotiable instrument which is either payable to the bearer (i.e., indorsed in blank) or payable to an identified person who is in possession.  § 671.201(21)(a), Fla. Stat. (2016).

Lack of direct, physical possession of the original promissory note when the case is filed does not, without more, defeat a party's ability to establish its standing to foreclose.  See Phan v. Deutsche Bank Nat'l Tr. Co., 198 So. 3d 744, 747 (Fla. 2d DCA 2016); Caraccia v. U.S. Bank, Nat'l Ass'n, 185 So. 3d 1277, 1279 (Fla. 4th DCA 2016) (finding plaintiff's failure to have physical possession of the note did not deprive it of standing because "[e]ven where a third party has physical possession of the note, so long as the plaintiff 'had the power to exercise control over it, then [the plaintiff] had constructive possession of the note' " (quoting Deakter v. Menendez, 830 So. 2d 124, 128 (Fla. 3d DCA 2002))).

Mr. Noll points out two cases in which this court has decided that a plaintiff lacked standing where the original notes were filed with the clerk of court in the case

files of prior foreclosure actions. However, these cases—Partridge v. Nationstar Mortgage, LLC, 224 So. 3d 839 (Fla. 2d DCA 2017) and Geweye v. Ventures Trust 2013-I-H-R, 189 So. 3d 231 (Fla. 2d DCA 2016)—do not support his position. At issue in Partridge was a purported assignment of the mortgage, but not the note, after the original note was filed with the court in the prior foreclosure action instituted by a different plaintiff. Geweye, on which this court relied in Partridge, did not address whether the plaintiff had standing at the inception of the action. Geweye, 189 So. 3d at 231–33 ("There is no dispute that Chase had standing when the foreclosure complaint was filed."). Rather, the court held that the substituted plaintiff lacked standing to enforce the note at the time of trial despite the original note having been in the court file because the evidence established the mortgage, but not the note, had been assigned to the plaintiff. Id. at 233.

This case does not turn on the effectiveness of a post-commencement assignment after the original note was surrendered to the clerk. Here, while the note did remain in the direct, physical possession of the Clerk in the case file of the Prior Foreclosure at the time of filing the second action, Deutsche Bank was the plaintiff in both actions. And because Deutsche Bank retained the power to exercise control over the note, it had the possession necessary to establish that it was a holder with standing to file the later foreclosure action. See Bank of N.Y. Mellon v. Heath, 219 So. 3d 104, 106 (Fla. 4th DCA 2017) (describing one in constructive possession as having "such control over the property that he may deliver the possession of it, if he so desires" (quoting Bush v. Belenke, 381 So. 2d 315, 316 (Fla. 3d DCA 1980))).

Yet, Mr. Noll contends—as the trial court concluded—that the Clerk became the holder when Deutsche Bank surrendered the original promissory note to it in anticipation of entry of a final judgment in the Prior Foreclosure. But this argument proves too much: if the Clerk was the holder of the note at the time Deutsche Bank filed the instant action solely because the note remained in the prior case file, then every clerk would become a holder of every bearer note surrendered to it by a foreclosure plaintiff. Consequently, no such plaintiff could ever foreclose because every plaintiff's standing would evaporate when it relinquished its status as the holder of a note that it was required to surrender to the clerk in order to obtain a judgment of foreclosure.

In other words, there is nothing pertinent to distinguish this scenario—a promissory note sitting in the Clerk's file for a <u>dismissed</u> case—from the normal scenario in which a foreclosure plaintiff surrenders the note to the clerk in a <u>pending</u> case before entry of a final judgment. The clerk has the same level of control over the promissory note in either situation—consistent with its duty to maintain any type of filed document. <u>See generally</u> § 28.13, Fla. Stat. (2016) (describing the duties of the clerk of the circuit court with respect to the maintenance of papers and electronic filings).

A plaintiff must surrender the original promissory note prior to entry of final judgment of foreclosure in order to prevent the note from being further negotiated. <u>See Johnston v. Hudlett</u>, 32 So. 3d 700, 704 (Fla. 4th DCA 2010) ("[I]n the case of original mortgages and promissory notes, they are not merely exhibits but instruments which <u>must be surrendered</u> prior to the issuance of a judgment."); <u>Heller v. Bank of Am., N.A.</u>, 209 So. 3d 641, 644 (Fla. 2d DCA 2017) ("Because a promissory note is a negotiable instrument, it is necessary to surrender the original note to remove it from the

stream of commerce and prevent the negotiation of the note to another person."); see also Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 726 (Fla. 5th DCA 2004).  This purpose is irreconcilable with the notion that the Clerk itself becomes the holder by virtue of being entrusted with the note to prevent its negotiation.

While leave of court would be required to remove the original note from the custody of the Clerk, see § 28.13, the Clerk would have no authority to relinquish the note to anyone else but Deutsche Bank.  By surrendering the original promissory note to the Clerk for the limited purpose of removing it from the stream of commerce to obtain a judgment of foreclosure, Deutsche Bank did not relinquish the statutorily required possession necessary to establish its status as a holder of the note with standing to sue for its enforcement.  As such, the trial court erred in granting summary judgment in favor of Mr. Noll.

Reversed and remanded for further proceedings.


SILBERMAN and CRENSHAW, JJ., Concur.