NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREGORY MAKI and ELIZABETH MAKI, )
                                      )

           Appellants, )

                                      )

v.                                     )       Case No. 2D17-922

                                      )

GREEN TREE SERVICING, LLC,       )

                                      )

           Appellee. )

_____ )

Opinion filed December 5, 2018.

Appeal from the Circuit Court for Lee
County; Michael T. McHugh, Judge.

Gregory Maki and Elizabeth Maki, pro se.

Preston C. Davis, Stephen Janes,
Steven G. Hurley, and William Noriega
of Padgett Law Group, Tallahassee, for
Appellee.


SALARIO, Judge.

         This is an appeal from a final judgment of foreclosure. We are required to

reverse because, as has become far too common in residential foreclosure cases, the

plaintiff that took the case to trial—Wilmington Savings Fund Society, FSB, which was

neither the original lender nor the original plaintiff—failed to present legally sufficient

evidence that it had standing under section 673.3011, Florida Statutes (2016), to enforce the promissory note upon which this foreclosure action is based.[1]

The already expansive body of foreclosure law in Florida will not benefit from another long opinion that details a foreclosure plaintiff's failure of proof when standing has been placed at issue or that repeats the settled legal principles governing that question. That is, and was when this case was tried, well-trodden ground. The bottom line in the present appeal is this: Although it proceeded to trial on the theory that it was the holder of the note, Wilmington's trial evidence failed to show that the entity identified as the original lender on the note (America's Wholesale Lender) ever negotiated, assigned, or otherwise transferred the note to anyone and, even if did, that the entity that supposedly assigned the note to Wilmington (Ditech Financial, LLC, as successor-by-merger to Green Tree Servicing, LLC) ever actually owned the note or otherwise had the right to assign or transfer it. See, e.g., Olivera v. Bank of Am., N.A., 141 So. 3d 770, 773 (Fla. 2d DCA 2014) (reversing summary judgment on standing grounds where "[n]othing in the record reflect[ed] a chain of transfer of interest . . . from the original lender"); Segall v. Wachovia Bank, N.A., 192 So. 3d 1241, 1246 (Fla. 4th DCA 2016) (reversing final judgment of foreclosure based on lack of standing where "Wachovia failed to sufficiently prove that Chase Home merged with Chase Bank[] and that Chase Bank thus acquired the note"). At oral argument, Wilmington all but conceded the absence of evidence on the latter point.

---

[1]Green Tree Servicing, LLC—a prior named plaintiff in the circuit court proceedings—is the listed appellee in the style of this case. Prior to the entry of the final judgment in the trial court, however, Wilmington was substituted as the plaintiff and is the party ultimately required to establish standing for the purposes of this foreclosure.

Because Wilmington's failure of proof on standing is dispositive, we do not reach the other issues raised by the appellants.  We reverse and remand with directions that the trial court enter an order of involuntary dismissal, which is the relief the appellants properly sought in the trial court.  See, e.g., Partridge v. Nationstar Mortg., LLC, 224 So. 3d 839, 842 (Fla. 2d DCA 2017).

Reversed and remanded with directions.

KHOUZAM and BLACK, JJ., Concur.